UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ELEGHBA RONZELL LIPSEY,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIP VANDIEPEN and UNKNOWN OFFICER, Police officers at Huron Police Department, Beadle County, in their individual and official capacities,<br><br>Defendants. | 4:25-CV-04027-CBK<br><br>ORDER |

Plaintiff filed a *pro se* complaint claiming that, on March 11, 2022, defendant Van Diepen, who was allegedly acting under color of state law, unlawfully stopped him without probable cause, resulting in an unlawful arrest. Plaintiff further claims that, at that same time, defendant unknown officer, while defendant Van Diepen had plaintiff "detained by taser," "stumped down on my back/shoulder with both feet and broke my collar bone/clavicle." I found, on initial review, that plaintiff sufficiently alleged a claim for violation of his Fourth Amendment right to be free from unlawful detention or arrest and excessive force. Defendants filed a motion to dismiss the official capacity claims and to dismiss any purported racial discrimination claim. Defendants filed an answer as to all claims not addressed by the motion to dismiss.

While defendants' motion to dismiss was pending, plaintiff filed an amended complaint wherein plaintiff seeks relief against defendants only in their individual capacity. The amended complaint was filed more than 21 days after defendants' motion to dismiss and was not otherwise authorized by Fed. R. Civ. P. 15(a). Nonetheless, the amended complaint acknowledges defendants' claim that official capacity claims must be dismissed and plaintiff has now abandoned such claims.

Defendants filed a motion to dismiss the amended complaint as to any purported racial discrimination claim. Defendants filed an answer as to all claims not addressed by the motion to dismiss.

In response to the original motion to dismiss, plaintiff stated that he is of African American descent. In Count I of the amended complaint, plaintiff's claim for unlawful detention, plaintiff states that he was unlawfully stopped on March 11, 2022, because "I am a member of a Federally Protected Class, ie African American." In Count II of the amended complaint, plaintiff's claim for excessive force, plaintiff makes no similar claim as to racial discrimination. The Civil Rights Complaint Form submitted by plaintiff provides boxes which may be checked to indicate the civil right complained of in that count. Plaintiff checked "Other: racial discrimination" as to both counts.

I am required to liberally construe plaintiff's *pro se* complaint. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.

Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 849 (8th Cir. 2014) (*quoting* Stone v. Harry, 364 F.3d 912, 915 (8th Cir.2004)).

> To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*

Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015).

2

"[L]egal conclusions" and "threadbare recitations of the elements of a cause of action supported by mere conclusory statements" are not entitled to a presumption of truth when considering the sufficiency of a complaint. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. A complaint must be plausible on its face and "'[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir.2014) (*quoting Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). Making a plausibility determination is a "'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937).

Zink v. Lombardi, 783 F.3d at 1098. "At this stage in the proceedings, we are required to treat the facts alleged in the complaint as true and make all reasonable inferences in favor of the plaintiff. This is a highly deferential standard." Barton v. Taber, 820 F.3d 958, 967 (8th Cir. 2016).

The United States Supreme Court has warned that that "something beyond the mere possibility of loss causation must be alleged, lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" Bell Atl. Corp. v. Twombly, 550 U.S. at 557–58, 127 S. Ct. at 1966 (*quoting Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347, 125 S.Ct. 1627, 1634, 161 L.Ed.2d 577 (2005)).

Mere recitation that plaintiff is an African American would be insufficient to state an equal protection claim. In this case, plaintiff contends that he was unlawfully stopped because he is an African American. Plaintiff has failed to plead any factual content allowing this Court to draw the reasonable inference that the defendant was stopped only because he was a member of a protected class. The Court finds that plaintiff has failed to to state a claim of racial discrimination.

Now, therefore,

IT IS ORDERED:

1. Defendants' motion, Doc. 15, to dismiss official capacity claims is granted.

3

2. Defendants' motion, Doc. 21, to dismiss plaintiff's racial discrimination claims is granted.

DATED this 15th day of September, 2025.

BY THE COURT:

*Charles B Kornmann*
CHARLES B. KORNMANN
United States District Judge