UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ELEGHBA RONZELL LIPSEY,<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIP VANDIEPEN and BRYON REFF,<br>Police officers at Huron Police Department,<br>Beadle County, in their individual capacities,<br><br>Defendants. | 4:25-CV-04027-CBK<br><br>ORDER |

    Plaintiff filed a motion for the appointment of a mediator to assist him with his case. There is no authority to appoint a mediator to an indigent party.

    The district courts are authorized, under certain circumstances, to appoint counsel to indigent *pro se* litigants who state a non-frivolous claim. 28 U.S.C. § 1915(e). "Pro se litigants have neither a constitutional nor a statutory right to appointed counsel in civil cases." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). "When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

    Petitioner's claims are not complex. He adequately set forth claims which survived initial review and he responded appropriately to the defendants' motion to dismiss. The Court ordered compliance with discovery procedures and the defendants promptly filed their initial disclosures. Plaintiff reviewed those disclosures and was able to discern the name of the unknown defendant he had sued, filing an amended complaint to include that defendant's identity. Appointment of counsel is not necessary at this time.

Now, therefore,

IT IS ORDERED that plaintiff's motion, Doc. 27, for the appointment of a mediator is denied.

DATED this 29th day of October, 2025.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge